IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 0 6 2005

LUTHER D. THOMAS, Clerk
Deputy Clerk

| | |
|---|---|
| ANGELIQUE LITTLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONVEX GROUP, INC. and )<br>ADP TOTALSOURCE FL XXIX, )<br>INC., )<br>)<br>Defendants. ) | JURY TRIAL DEMANDED<br><br>CIVIL ACTION NO.<br>1:05-CV-1168 -ODE |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff Angelique Little ("Mrs. Little") and states her Complaint against Defendant Convex Group, Inc. ("Convex") and Defendant ADP TotalSource FL XXIX, Inc. ("ADP"), setting forth the following causes of action against Defendants and demanding relief in connection therewith:

### PARTIES

1.

Mrs. Little is a female, currently a resident of the State of Florida, and was a resident of the State of Georgia employed by Defendant Convex in the Northern District of Georgia at the time of the events that gave rise to this suit.

2.

On information and belief, Defendant Convex is a corporation duly organized under the laws of the State of Delaware, with a principal place of business in Atlanta, Georgia. Convex is in the business, inter alia, of licensing and marketing a beverage lid assembly that consists of a plastic lid for beverages containing an optical disc/compact disc with entertainment and promotional programming ("Lidrock"). Its registered agent for service is National Registered Agents, 3761 Venture Drive, Duluth, Georgia 30096 and may be served with the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure by personal service upon its registered agent.

3.

From January 30, 2004 to August 20, 2004, Convex was Mrs. Little's employer as that term is defined by Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq. and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e-k.

4.

On information and belief, Defendant ADP is a corporation duly organized under the laws of the State of Colorado, doing business in Atlanta, Georgia. ADP is in the business, inter alia, of providing payroll and human resource consulting services on an outsourced basis to employers and was retained by Defendant

Convex for this purpose during the time of the events that gave rise to this suit. Based on its contractual relationship with "worksite employers," Defendant ADP lists itself as a contractual "co-employer" for the employees of such "worksite employers" on its website, http://www.adptotalsource.com. Its registered agent for service is National Registered Agents, 3761 Venture Dr., Duluth, Georgia, and may be served with the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure by personal service upon its registered agent.

5.

On information and belief, at all times relevant to this Complaint, Defendant ADP was an "agent" of Defendant Convex and/or a "joint employer" with Defendant Convex as those terms are defined by Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq.

## JURISDICTION AND VENUE

6.

This is an action for declaratory and injunctive relief, monetary damages, attorney fees, and litigation expenses pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq., the Pregnancy Discrimination Act, 42 U.S.C. § 2000e-k, and Georgia tort laws.

7.

Jurisdiction is conferred upon this Court by virtue of 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (equal rights and civil rights), 42 U.S.C. § 2000f(3) (Title VII of the Civil Rights Act of 1964, as amended), 28 U.S.C. § 1367 (supplemental/pendent jurisdiction over state claims that form same case or controversy), and 28 U.S.C. § 2201 (declaratory judgment). Further, the matter in controversy, independent of all federal claims, exceeds the sum of $75,000, exclusive of interest and costs.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because all or a substantial part of the actions that are the subject of this suit occurred herein.

## PROCEDURAL REQUIREMENTS SATISFIED

9.

On or about August 31, 2004, within 180 days of the challenged unlawful conduct, Mrs. Little filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), denominated as Charge No. 110-2004-04955, alleging discrimination in employment on the basis of pregnancy.

10.

Upon information and belief, the EEOC processed the charge, providing Convex with a copy of Mrs. Little's charge of discrimination.

11.

On or about March 9, 2005, the EEOC issued Mrs. Little a Notice of Right to Sue via the United States Mail, which was received on or about March 12, 2005. Mrs. Little has initiated this action within ninety (90) days of her receipt of the EEOC Notice of Right to Sue.

BACKGROUND

12.

Mrs. Little began her employment with Convex on January 30, 2004. At that time, she received an employment handbook which listed Convex as her employer and a Basic Employment Policies Manual, that described Defendant ADP as "enlisted" by Defendant Convex to provide services as a "co-employer."

13.

Mrs. Little was hired as an Executive Assistant to Joe Fuller, who at all times relevant to this action was the Senior Vice President in the Program Management Division of Convex.

14.

In addition to her administrative functions as Executive Assistant to Mr. Fuller, Mrs. Little helped to create a detailed database of the primary product marketed and sold by Convex, through its subsidiary company, Lidrock, that is, lids on fountain drinks sold at fast food restaurants and movie theaters. The lids contain small (mini) optical disc/compact discs of musical track performances by popular artists that can be played in order to promote sales of full-length compact discs.

15.

During her employment with Convex, Mrs. Little played an active role in helping to collate and organize the information regarding customers of Lidrock, including the dates and number of lids sold to particular customers and the names of the performing artists whose musical track performances were contained on the discs in such lids.

16.

During her employment with Convex and prior to her disclosure of her pregnancy to Mr. Fuller, Mrs. Little had received praise and compliments from Mr. Fuller for her positive attitude, professionalism, and contributions to Convex.

17.

In July of 2004, Mrs. Little advised Mr. Fuller that she was two-and-a-half months pregnant and that she had been experiencing some morning sickness. Mrs. Little discussed with Mr. Fuller the possibility of her working at home temporarily during this stage of her pregnancy, until the morning sickness passed. Mrs. Little explained to Mr. Fuller that with a laptop computer, a Blackberry handheld PDA device, and a cell phone, she would be capable of fully performing all job tasks while managing her morning sickness with greater privacy.

18.

In July of 2004, Mr. Fuller agreed to permit Mrs. Little to work from home. While working at home, Mrs. Little was in constant contact with her colleagues at Convex, usually by e-mail and by phone when necessary. She was able to perform all administrative functions for Mr. Fuller, including making travel arrangements for him. Mrs. Little continued to work with her colleagues on logistical issues of selling and distributing the lids. She would also e-mail Mr. Fuller regularly to inquire whether there were additional tasks to be performed.

19.

On July 26, 2004, at Mr. Fuller's request, Mrs. Little met with Mr. Fuller in his office, and Mr. Fuller informed her that Colin Daniel, Chief Financial Officer of Convex, and Greg Swayne, Executive Vice-President of Operations of Convex,

had discussed their concerns regarding Mrs. Little's absences from the office and her pregnancy-induced illness. Mr. Fuller stated that they were considering replacing her.

20.

On August 5, 2004, Mr. Fuller attempted to persuade Mrs. Little to resign for medical reasons. Mrs. Little refused to resign and stated that if she were forced to leave Convex, that she wanted a separation notice.

21.

ADP, according to the Basic Employment Policies manual issued by Convex to its employees, is a human resource management firm that has contracted with Convex to help administer payroll, provide employee benefits and assist with human resources and risk management. Upon information and belief, ADP prepared the Basic Employment Policies manual distributed by Convex to its employees.

22.

The Basic Employment Policies manual distributed by Convex to its employees states that ADP and the "worksite employer," in this case, Convex, are equal employment opportunity employers and do not discriminate against any person and that anyone found to be engaged in discrimination would be disciplined, up to and including termination of employment.

23.

In the normal course of performing her regular duties as Executive Assistant to Mr. Fuller, Mrs. Little had access to all of Mr. Fuller's e-mails, including those e-mails in which Mr. Fuller was copied, but was not the primary recipient.

24.

During the first week of August 2004, Mr. Fuller was copied on e-mails being exchanged between Mr. Daniel and Kathryn Stewart, who upon information and belief was employed by Defendant ADP. In the course of such e-mail exchange, Mr. Daniel stated to Ms. Stewart that an employee, Mrs. Little, was three-and-a-half months pregnant, was experiencing morning sickness, had missed five weeks of work, and had exhausted her vacation, sick, and personal leave. Further in the course of such e-mail exchange, Mr. Daniel stated that the situation with Mrs. Little obviously could not continue. In the course of such e-mail exchange, Ms. Stewart advised Mr. Daniel to document the separation of Mrs. Little as due to internal restructuring.

25.

Contrary to the facts as represented by the e-mail exchange between Mr. Daniel and Ms. Stewart, Mrs. Little had not missed five weeks of work due to morning sickness, but had been working from home pursuant to her agreement with her supervisor, Mr. Fuller. Mrs. Little had been working on a full-time basis

from home for a total of four weeks beginning in July 2004 with the permission of Mr. Fuller.

26.

On August 20, 2004, Mrs. Little was terminated from Convex based on her pregnancy.

27.

From January 30, 2004 until August 20, 2004, Mrs. Little met or exceeded the duties of an Executive Assistant to Mr. Fuller.

28.

From January 30, 2004 until August 20, 2004, Mrs. Little was never the subject of any disciplinary action at Convex.

29.

The termination of Mrs. Little by Convex was unrelated to her work performance or her job skills and abilities.

30.

The termination of Mrs. Little by Convex was unrelated to any internal restructuring at Convex.

31.

But for Mrs. Little's pregnancy, Convex would not have terminated her employment.

32.

The termination of Mrs. Little for the stated reason of internal restructuring was a pretext for the actual reason, which was Mrs. Little's pregnancy.

33.

The unlawful employment practices complained of were done by Defendants with malice or reckless indifference to the federally protected rights of Mrs. Little.

## COUNT I

## PREGNANCY DISCRIMINATION

34.

Mrs. Little incorporates the allegations of Paragraphs 1 through 33 of this Complaint as if fully stated herein.

35.

Defendant Convex terminated Mrs. Little because she was pregnant.

36.

Defendant ADP acted as an agent of Defendant Convex in its advice and consent regarding the termination by Defendant Convex of Mrs. Little. Defendant ADP knew that Defendant Convex intended to terminate Mrs. Little because she was pregnant. Defendant ADP provided Defendant Convex with a pretextual reason for the unlawful employment action taken by Defendant Convex.

37.

Defendant Convex, with the advice and consent of its agent and/or joint employer, Defendant ADP, unlawfully discriminated against Mrs. Little by terminating her employment on the basis of pregnancy in violation of Title VII and the Pregnancy Discrimination Act.

38.

At all times relevant to this Complaint, Defendant Convex and its agent and/or joint employer, Defendant ADP, acted intentionally, willfully and in bad faith toward Mrs. Little and with malice and reckless indifference to her federally protected rights. The intentional acts of Defendant Convex and its agent Defendant ADP toward Mrs. Little caused Mrs. Little to suffer job loss, financial loss, emotional pain and suffering, mental anguish, and other losses.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL HARM

39.

Mrs. Little incorporates the allegations of Paragraphs 1 through 38 of this Complaint as if fully stated herein.

40.

The above-described actions of Defendant Convex and its agent and/or joint employer, Defendant ADP, were wanton, voluntary, intentional, and so abusive as to naturally humiliate, embarrass, outrage, and frighten Mrs. Little.

41.

Defendant Convex and its agent and/or joint employer, Defendant ADP, should reasonably have known that as the result of the above-described egregious and outrageous conduct, Mrs. Little would be subjected to severe mental and emotional distress and emotional pain and suffering. Defendants acted willfully, intentionally, maliciously, and purposefully, with either the intentional purpose to inflict emotional harm on Mrs. Little or with reckless disregard of the probability of causing Mrs. Little emotion distress.

42.

The above-described abusive actions of Defendant Convex and its agent and/or joint employer, Defendant ADP, were done in the course and scope of their employment and condoned by Defendants.

43.

The above-described abusive actions of Defendant Convex and its agent and/or joint employer, Defendant ADP, were extreme and outrageous.


44.

As a proximate result of the above-described abusive actions of Defendant Convex and its agent and/or joint employer, Defendant ADP, and the consequences proximately caused by them, as hereinabove alleged, Mrs. Little suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body all to her damage.

## COUNT III

## BREACH OF THIRD-PARTY BENEFICIARY CONTRACT

45.

Mrs. Little incorporates the allegations of Paragraphs 1 through 44 of this Complaint as if fully stated herein.

46.

Upon information and belief, Defendant ADP and Defendant Convex entered into an agreement, whereby Defendant ADP intended to properly provide Defendant Convex with outsourced human resource administration and management services, including employee relations services, for good and valuable consideration, as further detailed in its website, http://www.adptotalsource.com.

47.

Defendant ADP and Defendant Convex intended to benefit Mrs. Little, as a member of the class of employees of Defendant Convex, by their contract and by

the provision of human resource management and employee relations services to Defendant Convex, pursuant to such contract.

48.

Mrs. Little is a proper party, as a beneficiary of the contract between Defendant ADP and Defendant Convex, to maintain an action against the promisor under O.C.G.A. § 9-2-20(b).

49.

Defendant ADP breached its contract by failing to properly provide the human resource management and employee relations services that it contracted to provide.

50.

As a result of this breach, Mrs. Little has suffered significant damage, including the loss of her employment with Defendant Convex and the benefits received through such employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Angelique Little, prays for judgment against the Defendants, jointly and severally, as follows:

(a) Enter judgment in favor of Plaintiff;

(b) Issue a declaratory judgment that:

(i) Defendant Convex, with its agent, Defendant ADP, discriminated against Plaintiff because of her pregnancy, in violation of Title VII of the 1964 Civil Rights Act and the Pregnancy Discrimination Act; and

(ii) Defendant ADP breached its third-party beneficiary contract to provide proper human resource administration and management services; and

(c) Permanently enjoin:

(i) Defendant Convex, its officers, agents, successors, employees and attorneys from engaging in any employment practice, policy, or custom that discriminates against any employee on the basis of pregnancy; and

(ii) Defendant ADP, its officers, agents, successors, employees and attorneys from engaging in any employment practice, policy, or custom that discriminates against any employee on the basis of pregnancy

(d) Enter an injunction requiring Defendant Convex and Defendant ADP to:

(i) train all employees on the proper methods and policy under the Pregnancy Discrimination Act;

(ii) revise all policies to conform with the Pregnancy Discrimination Act and train all employees on those policies; and

(iii) permanently remove all negative information from Plaintiff's files related to the termination of her employment;

(e) Award Plaintiff backpay, job benefits, and lost wages, together with prejudgment interest;

(f) Award Plaintiff compensatory and punitive damages in an amount to be determined at trial by a jury;

(g) Award Plaintiff compensation for past and future nonpecuniary losses, including emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and other psychological and physiological symptoms and conditions, in amounts to be determined at trial by a jury;

(h) Award Plaintiff other actual and/or nominal damages to be determined at trial by a jury;

(i) Award Plaintiff reasonable attorney's fees, costs and litigation expenses;

(j) Tax all costs against Defendants;

(k) Grant such other and further relief as the Court may deem just and proper.

WILLIAM TINKLER, JR.,
ATTORNEY AT LAW, P.C.

*with express permission*

/s/ William Tinkler Jr.
WILLIAM TINKLER, JR.   712837
Counsel for Plaintiff

/s/ Peter C. Brown
PETER C. BROWN   089079
Counsel for Plaintiff

150 E. Ponce de Leon Ave.
Suite 230
Decatur, GA  30030-2553
(404) 371-8662 (Telephone)
(404) 371-8631 (Facsimile)